IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSHUA SANDUSKY, | ) | Case No. 2:16-CV- |
| | ) | |
| Plaintiff, | ) | CIVIL COMPLAINT |
| | ) | |
| vs. | ) | |
| | ) | |
| DEREK DAYOUB, ANDREA SCHMITT, | ) | |
| BILL BELL, BOBBY SCOTT, | ) | |
| THE BOROUGH OF CHESWICK, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT IN CIVIL ACTION

AND NOW comes the Plaintiff, by and through his trial attorney, Erik M.

Yurkovich, Esq., who files this Civil Complaint pursuant based upon the following.

### I. PARTIES

1. The Plaintiff is Joshua Sandusky ("Sandusky") who resides at 1301 Beech Street,

   Cheswick Borough PA 15024.

2. The Defendant is Derek Dayoub ("Dayoub"), former police officer for Cheswick

   Borough with an address 220 South Atlantic Ave., P.O. Box 235, Cheswick,

   Pennsylvania 15024.  Dayoub is presently acting Chief of the Springdale Borough

   Police.

3. The Defendant is Cheswick Borough Police officer, Andrea Schmitt ("Schmitt") who

   has an address of 220 South Atlantic Ave., P.O. Box 235, Cheswick, Pennsylvania

   15024.

4.  The Defendant is Cheswick Borough Police officer, Bill Bell ("Bell") with an address 220 South Atlantic Ave., P.O. Box 235, Cheswick, Pennsylvania 15024.

5.  The Defendant is Cheswick Chief of Police, Bobby Scott ("Scott") with an address 220 South Atlantic Ave., P.O. Box 235, Cheswick, Pennsylvania 15024.

6.  The Defendant is The Borough of Cheswick ("Cheswick") with an address 220 South Atlantic Ave., P.O. Box 235, Cheswick, Pennsylvania 15024.

## II.    JURISDICTION

7.  This Court has jurisdiction over this case pursuant to Title 42 U.S.C. § 1983.

8.  Defendants acted under color of state law when they violated Plaintiff's civil rights pursuant to the First, Fourth and Fourteenth Amendment.

9.  Defendant Borough has a custom, policy and practice of targeting Plaintiff, known to have Attention-Deficit/Hyperactivity Disorder ("ADHD").

10.  It is alleged that Defendants conspired to violate Plaintiff's civil rights.

## III.    FACTS

### A.  Background

11.  Joshua Sandusky ("Sandusky") is over the age of nineteen (19).

12.  Sandusky was diagnosed with ADHD at age seven (7).

13.   ADHD substantially impairs attention spans, focus, mood, and social behavior.

14.  Sandusky is the son of Carol Sandusky ("Carol") and Lindsay ("Lindsay") Sandusky who reside 1301 Beech Street, Cheswick Borough, Pennsylvania 15024.

15.  Sandusky and his family have lived in Cheswick nearly twenty-one (21) years.

16.  Sandusky has a brother, Lindsay, and a sister, Heather.

17.  Sandusky worked as a special services assistant/firefighter with his father, the former Chief of the Cheswick Volunteer Fire Department from 2010-2011.

18.  Starting in 2012, Sandusky began to notice Defendant, Officer Derek Dayoub ("Dayoub") following him.

### B.  Background History of Police Harassment

19.  In July of 2013, Sandusky volunteered at the Fire Department Bingo Tent at the Springdale Carnival.

20.  On or about July 3, 2013, Dayoub followed Sandusky and stopped him for questioning.

21.  Sandusky complained to Springdale Mayor, Eileen Miller, ("Miller"), who was nearby.

22.  Dayoub stopped Sandusky from complaining and threatened to file "trespass" charges against him if he did not leave.

23.  Sandusky voluntarily left the Carnival to avoid police action.

24.  In September of 2013, Sandusky was stopped by the Cheswick Borough Police on Linden Street and accused of "taking pictures."

25.  Sandusky was detained and questioned.

26.  Sandusky was permitted to leave and no charges were filed.

27.  Sandusky subsequently complained to Cheswick about being harassed.

28.  In February of 2014, an unknown Cheswick Borough Police Officer telephoned Plaintiff's mother, Carol Sandusky, at work and complained that Plaintiff, "stuck his tongue out" at police.

29.  Shortly thereafter, Cheswick Borough Police Officers arrived at Sandusky's home in force and requested that the family come outside to speak to them.

30.  Sandusky and his parents complied and spoke to officers in their yard.

31.  The officers accused Sandusky of sticking his tongue out.

32.  Carol Sandusky explained to the officers that Plaintiff is diagnosed with ADHD and explained what that means.

33.  No charges were filed.

34.  On March 3, 2014, Sandusky was recognized for meeting the challenges of his disability and won "life/work challenge award from Pennsylvania Association of Career and Technical Education Special Populations."

### C. Andrea Schmitt Stop

35.  On March 7, 2013, Cheswick Borough Police officer, Andrea Schmitt ("Schmitt") stopped Sandusky in his car for allegedly having a faulty rear light.

36.  A traffic citation was issued.

37.  Schmitt then followed Sandusky from the stop to his home.

38.  Before Sandusky entered his home, Schmitt ran from her car to Sandusky and threatened an additional ticket for "Idling your car on the side of the road."

39.  Sandusky complained about being targeted because of his ADHD and complaints.

40.  Ultimately, the traffic citation issued by Schmitt was dismissed on April 2, 2014, by Magistrate, David Sosovicka ("Sosovicka").

### D. Meeting with Cheswick, March 19, 2014

41.  On March 19, 2014, Carol Sandusky met with Cheswick Police Chief, Bobby Scott ("Scott"), Mayor, Dan Carol ("Carol"), Council President, Paul Jack ("Jack"),

4

Council person, Frank Meldandry ("Meldandry"), and President of the Fire

Department, Joe Ferrero ("Ferrero").

42. Carol Sandusky complained that the police were targeting her son because of his

ADHD.

43. Carol Sandusky explained her son's diagnosis and symptoms.

44. Carol Sandusky asked that officers quit following her son and provoking him because

it exacerbates his ADHD.

45. Scott and Carol asked suggested that Plaintiff needed his medication increased.

46. The meeting concluded with Scott agreeing to call Carol Sandusky if there was an

"incident" before stopping Sandusky.

### E. Bill Bell, Citation for Swearing

47. On March 31, 2014, Sandusky was volunteering in the Fire Hall.

48. Cheswick Borough Police Officer, Bill Bell ("Bell"), entered the hall and ordered

Sandusky to "move [his] car for school buses."

49. Sandusky was parked legally and was not blocking school buses.

50. Sandusky complained he was being harassed because of his disability.

51. Bell told Sandusky to move the car and Sandusky was permitted to leave.

52. While Sandusky walked way to his car he calmly said, "You f@*king cops are all the

same."

53. Bell became enraged and cited Sandusky for swearing and parking illegally.

54. Carol Sandusky met with Chief Scott who said, "I can't have [Sandusky] swearing at

cops.

55.  On February 20, 2015, Senior Judge Robert C. Gallo ("Gallo") dismissed the charges filed by Bell.

### F. Mistaken Identity, June 2014

56.  On or about June 15, 2014, Sandusky's Sister, Heather, drove Sandusky's black Dodge Stratus.

57.  Heather witnessed unknown Cheswick Borough Police Officer(s) following her for no reason.

58.  Heather purposefully took alternate routes and turns but the police car(s) followed until pulling into a convenience store.

59.  When the Cheswick officers saw she was driving, instead of her brother, they drove away.

### G.  Schmitt Stop, July 1, 2014

60.  On or about July 1, 2014, Officer Schmitt stopped Sandusky and Firefighter, Charles Zimmerman ("Zimmerman") as they returned from a rescue class in a fire department vehicle.

61.  Schmitt falsely alleged Sandusky failed to use his turn signal.

62.  Sandusky again complained about being targeted.

63.  Schmitt told Sandusky "I'm going to talk to your dad."

64.   Schmitt complained to Lindsay Sandusky at the Carnival.

65.  Lindsay asked for specifics, but none were provided.

66.  Schmitt left Lindsay and talked to Dayoub.

67.  Schmitt and Dayoub spoke and kept looking over at Lindsay Sandusky.

68.  Schmitt never filed charges related to the aforementioned stop.

### H.  Resignation

69.  Due to the continued police harassment: Sandusky and his father resigned from the fire department in July of 2014; and Sandusky lost a two (2) year County scholarship because he could not maintain employment in the Department.

### I. Alleged Knife Incident, September 2014

70.  On September 28, 2014, Dayoub falsely cited Sandusky for "disorderly conduct."

71.  It was alleged that Sandusky with friends, Charles Zimmerman and Chris Nagle, used profanity and drew a knife on a citizen at a park in Springdale.

72.  Plaintiff again complained about being targeted.

73.  The allegation was outrageous and the citation inconsistent with the allegation.

74.  On October 30, 2014 Magistrate Sosovicka dismissed all charges.

### J.  Dog Stop, September 25, 2015

75.   Joshua Sandusky continues to have unwelcome contact with police.

76.  On or about September 25, 2015, an unknown Cheswick Borough Police Officer arrived at the Home of Carol Sandusky.

77.  Officers requested that Joshua Sandusky exit the home and speak to him about the family dog getting loose.

78.  Sandusky complied.

79.  Sandusky was detained and questioned, although he did not own the dog.

80.  No charges were filed.

### IV. CLAIMS

### A.  FIRST AMENDMENT

### (All Defendants)

81.  Sandusky and his family have routinely complained to Cheswick representatives about Cheswick police targeting Plaintiff because of his ADHD.

82.  As a direct result of said complaints, Plaintiff has continued to be followed, stopped and charged as set forth above by Defendants acting under color of state law.

83.  There has been an official custom and practice, a policy, of targeting Plaintiff.

84.  Plaintiff has suffered a deprivation of liberty, harassment, the burden and cost of frivolous criminal prosecution.

### B.  FOURTH AMENDMENT

### (All Defendants)

85.  Defendants, acting under color of state law, have engaged in a pattern and practice of stopping Plaintiff without a reasonable suspicion to do so.

86.  The stops have violated Plaintiff's civil rights and freedom of liberty.

87.  The charges accompanying the stops lack the support of probable cause and have been dismissed by a court of law.

88.  Plaintiff has suffered a deprivation of liberty, harassment, the burden and cost of frivolous criminal prosecution.

### C.  FOURTEENTH AMENDMENT: SUBSTANTIVE DUE PROCESS

### (All Defendants)

89.  Defendants, acting under color of state law, are knowingly targeting a young citizen with ADHD.

90.  Defendants are intentionally provoking Plaintiff exacerbating his disability.

91.  Defendants are exploiting the verbal and nonverbal responses associated with ADHD to support the targeting and criminal prosecution of Plaintiff.

92.  The police activity is so frequent it is an official policy.

93.  The repetitive misuse of police power violates substantive due process.

94.  Plaintiff has suffered a deprivation of liberty, harassment, the burden and cost of frivolous criminal prosecution.

## D. MALICIOUS PROSECITION

### (All Defendants)

95.  Defendant officers have filed charged without probable cause to do so.

96.  The charges set forth above were successfully defended and dismissed.

97.  The Borough and Scott have approved of the practice and custom.

98.  Plaintiff has suffered a deprivation of liberty, harassment, the burden and cost of frivolous criminal prosecution.

## E.  CONSPIRACY TO DEPRIVE CIVIL RIGHTS

### (All Defendants)

99.  Defendant police officers and Borough have agreed to follow and stop Plaintiff in public without a reasonable suspicion to do so.

100.  Defendant police officers and Borough have agreed to file charges known to be untrue and without a reasonable suspicion to do so.

101.  The Defendants are all aware of Plaintiff's disability, his complaints and the citations issued due to the small size of the police department and community.

102.  Plaintiff has suffered a deprivation of liberty, harassment, the burden and cost of frivolous criminal prosecution.

WHEREFORE Plaintiffs prays for a judgment against the Defendants for all available relief, costs and fees and attorney fees, and for such other relief as the Honorable Court deems just.

**<u>JURY TRIAL DEMANDED</u>**

Respectfully submitted,

ERIK M. YURKOVICH, ESQ.
Attorney at Law
PA. I.D. No. 83432
207 Pine Creek Road
Building 1, Suite 201
Wexford, Pennsylvania 15090
T: 724.933.9199